IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VAUGHN L. MICHALSKI, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| vs. | ) | **8:16CV514** |
| | ) | |
| CARGILL INCORPORATED, | ) | **AGREED PROTECTIVE ORDER** |
| DOUGLAS COUNTY, NEBRASKA, | ) | |
|    A Delaware Corporation, | ) | |
| | ) | |
|    Defendant. | ) | |

Pursuant to Federal Rule of Civil Procedure 26(c), the parties have agreed to this Protective Order to facilitate document production and other discovery efforts under the Federal Rules of Civil Procedure, because confidential personal, personnel, and/or business information is likely to be disclosed or produced during the course of discovery in this litigation.

To protect the respective interests of the parties and to facilitate the progress of discovery in this case, IT IS ORDERED THAT:

1. The term "CONFIDENTIAL Information" as used herein shall mean any document, testimony, answers to interrogatories, or thing that is designated by a party as "CONFIDENTIAL" as provided in this Protective Order.

2. The parties agree that any party hereto may reasonably and in good faith designate documents or written discovery responses as CONFIDENTIAL Information:

    (a) In the case of documents produced or written discovery responses, by stamping the documents "CONFIDENTIAL" or by giving written notice to the other party within thirty (30) calendar days after production of the documents.

    (b) In the case of deposition testimony or deposition exhibits, by making the designation on the record during the deposition or by giving written notice

     to the other party within thirty (30) calendar days after receiving the transcript of the deposition.

  (c)  In the case of electronic media, by labeling the outside of the media or enclosure as CONFIDENTIAL or by designating individual files within electronic media as CONFIDENTIAL or by giving written notice to the other party within thirty (30) calendar days after production of the electronic media.

  (d)  In the case of documents produced or deposition testimony given prior to the execution of this Protective Order, by designating such records or testimony as CONFIDENTIAL by one of the methods above within thirty (30) days after the mutual execution of this Protective Order.

  (e)  A party may designate documents, electronic media or deposition testimony as CONFIDENTIAL after the time periods set forth herein if the failure to timely designate those documents was inadvertent or the result of excusable neglect and the receiving party is not prejudiced thereby.

  3.  At any time after the delivery of CONFIDENTIAL Information, counsel for the party or parties receiving the materials may challenge the CONFIDENTIAL designation of all or any portion thereof by providing written notice of such challenge to counsel for the party disclosing or producing the materials. Such written notice must be served within thirty (30) days after the materials have been designated as CONFIDENTIAL and must identify specifically the documents or testimony being challenged and the basis for challenging the CONFIDENTIAL designation.

  (a)  In accordance with Federal Rule of Civil Procedure 26(c)(1), the parties shall in good faith confer with each other in an effort to resolve the dispute without court involvement.

  (b)  If the parties are unable to agree as to whether the CONFIDENTIAL designation of discovery material is appropriate, the party or parties receiving the CONFIDENTIAL Information shall certify to the Court that the parties cannot reach an agreement as to the CONFIDENTIAL nature of all or a portion of the documents. Thereafter, the party or parties disclosing or producing the CONFIDENTIAL Information shall have fifteen (15) days from the date of certification to file a motion for protective order with regard to any CONFIDENTIAL Information in dispute.

(c) The party or parties producing the CONFIDENTIAL Information shall have the burden of establishing that the disputed documents are entitled to CONFIDENTIAL treatment. If the party or parties producing the CONFIDENTIAL Information do not timely file a motion for protective order, then the documents in dispute shall no longer be subject to confidential treatment as provided in this Order.

4. All CONFIDENTIAL Information is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a document is entitled to confidential treatment.

5. The designation of CONFIDENTIAL Information pursuant to this Protective Order shall not be construed as a concession by the designating party that such information is relevant, material, or admissible as to any issue. Nothing in this Protective Order shall be construed as waiving any objection to the production of evidence or to discovery requests, nor shall this Protective Order be construed to require the production of any particular testimony, documents, evidence or other information. The failure of any party to seek an order challenging a confidential designation shall not be deemed a concession by the party that documents designated "CONFIDENTIAL" are in fact appropriately designated as such.

6. CONFIDENTIAL Information shall be segregated and maintained in a safe and secure manner at the premises and under the direct control of counsel for the non-producing parties, who shall be responsible for preventing any disclosure of such information except in accordance with the terms of this Protective Order.

7. CONFIDENTIAL Information may be used by the parties receiving it for purposes of this Action only and for no other purpose, except that defendant may also use such information for legitimate business purposes.

8. This Order shall be without prejudice to the right of a producing party to seek additional protection for any CONFIDENTIAL Information and of a requesting party to seek more limited protection or removal of protection for Confidential Information.

9. In designating any document "CONFIDENTIAL," the party making such designation shall make a designation only with respect to a document or information that that party reasonably and in good faith believes is confidential and which it would not normally reveal to other parties, or would cause other parties to maintain in confidence.

10. CONFIDENTIAL Information may be disclosed only to:

   (a) the parties (including an employee of a party), the parties' attorneys working directly on this action, and any paralegal assistants, stenographic, or clerical employees or other persons working directly on this action under the supervision of such attorneys;

   (b) any independent designated expert(s) retained by a party to work directly on this action;

   (c) potential or actual witnesses, interviewees, and deponents who were authors, recipients or copied on any CONFIDENTIAL documents or who are referenced specifically in any CONFIDENTIAL documents or deposition testimony;

   (d) any court reporting services retained by the parties; and,

   (e) the Court and court personnel (subject to the provisions below for filing CONFIDENTIAL information under seal).

Before providing CONFIDENTIAL materials to persons described in subparagraphs (b) or (c) above, a recipient must provide such person with a copy of this Protective Order and receive a signed Acknowledgment in the form attached hereto as Exhibit A. Copies of signed acknowledgments shall be provided to the disclosing party upon request.

11. Persons in the possession of CONFIDENTIAL Information shall not disclose such information to any other person, except in conformity with this Order.

12. As set forth in this order, the failure to designate certain documents as "CONFIDENTIAL" does not waive and shall not prejudice a party's right to so designate similar material at a later time—that is, there shall be no "subject matter waiver" with respect to failing to designate material as CONFIDENTIAL Information.

13. Any party desiring to file CONFIDENTIAL information with the Court shall adhere to the requirements of United States District Court for the District of Nebraska Civil Rule 7.5. If a document designated as CONFIDENTIAL and filed under seal is subsequently unsealed, the parties shall continue to otherwise treat the material as CONFIDENTIAL hereunder.

14. Prior to trial, the parties will attempt to agree upon a mechanism for the handling of CONFIDENTIAL Information at any court hearing and/or trial. Failing agreement, CONFIDENTIAL Information shall be handled as directed by the Court.

15. This Order shall remain in full force and effect until modified, superseded or terminated by further order of this Court, and shall survive the termination of this action; provided, however, this Order may be amended by agreement between the parties to this action or upon regularly noticed motion to the Court.

16. Inadvertent or unintentional production of documents or information containing CONFIDENTIAL Information not designated "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a claim for CONFIDENTIAL treatment.

17. The party or parties receiving CONFIDENTIAL Information shall not under any circumstances sell, offer for sale, advertise, or publicize any documents containing such information.

18. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the CONFIDENTIAL Information for enforcement of the provisions of this Order following termination of this litigation.

19. Within 30 days of the termination of this action, either by settlement or upon final adjudication, including all appeals, each party shall return to the other party or securely destroy, any CONFIDENTIAL Information in that party's possession obtained through discovery in this action.

20. The parties agree that, in the event of inadvertent production of attorney-client privileged or attorney work product documents or information, such material will be returned to counsel for the producing party and that no claim of waiver shall be asserted by the party to whom the material was inadvertently produced.

21. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Dated this 15th day of May, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

# **EXHIBIT A**

## **ACKNOWLEDGMENT OF CONFIDENTIALITY ORDER**
## **AND AGREEMENT TO BE BOUND**

I, _____, do state that I am fully familiar with the terms of the Protective Order (hereinafter, the "Order") entered in the matter of *Vaughn L. Michalski v. Cargill Incorporated,* in the United States District Court for the District of Nebraska (hereinafter, the "Court"), Case No. 8:16CV514 (hereinafter, the "Matter"), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order from the Court.

I further understand and consent that any documents received or reviewed pursuant to the Order are solely for purposes relating to my participation in this Matter. I will abide by the terms of the Order and understand that failure to do so may subject me to punishment for violation thereof.

I understand and consent to the jurisdiction of the Court with respect to enforcement of the Order.

Dated: _____

_____
[Signature]

_____
[Print Name]

_____
[Title]